# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00080-CR

**John S. Young, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-17-0081-SB, HONORABLE MARTIN "BROCK" JONES, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

John S. Young was charged with two counts of forgery, one count of theft, and one count of money laundering. *See* Tex. Penal Code §§ 31.03, 32.21, 34.02. During trial, Young pleaded not guilty to all four charges. At the end of the trial, the jury found Young guilty of all four charges. Following his convictions, the district court issued a certification of Young's right of appeal with checks and other marks next to the boxes certifying the following: this case "is not a plea-bargain case, and the defendant has the right to appeal"; this case "is a plea-bargain case, and the defendant has NO right to appeal"; and "the defendant has waived the right of appeal."

Based on the record before this Court, it appears that the district court's certification signed May 9, 2018, may be incorrect. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (explaining that when determining whether appellant has right to appeal, appellate courts

examine trial court's certification for defectiveness, defined as certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate").  Therefore, we abate the appeal and remand the case to the district court to issue a new certification.  *See* Tex. R. App. P. 37.1 (requiring appellate court to notify parties if there appears to be defect in certification); *Dears*, 154 S.W.3d at 614 (stating that appellate courts have authority under Rules of Appellate Procedure "to obtain another certification, whenever appropriate").

The district court clerk is instructed to forward to this Court a supplemental clerk's record containing the new certification no later than April 29, 2019.  *See* Tex. R. App. P. 34.5(c) (stating that if appellate court "orders the trial court to prepare . . . certification of the defendant's right of appeal as required by these rules, the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record").

It is ordered on March 29, 2019.


Before Justices Goodwin, Baker, and Triana

Abated and Remanded

Filed:  March 29, 2019

Do Not Publish

2